IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | No. 1:15CR92 |
| v. § | Judge Marcia Crone |
| § | |
| MCGEE LAMAR FALCON, (1) aka "Gee" § | (M-15-1743-M) |
| LEONARD MARTINEZ RAMIREZ, (2) § | |
| –03 CHRISTOPHER VILLARREAL, III (3) § | |
| STEFONE DWAYNE PALOMO, (4) § | |
| a/k/a "Wayne," § | |
| RICARDO RUBEN VILLARREAL, (5) § | |
| CASSIE JANE CARROLL, (6) § | |
| DEMARCUS NEWMAN, (7) a/k/a "DJ," § | |
| GARRICK COTTON, (8) a/k/a "G," § | |
| DAMIEN MARQUES MCLENDON, (9) § | |
| a/k/a "Slim," and § | |
| JERMIE LETROY MYERS, (10) aka "TJ" § | |

## SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 846
(Conspiracy to Possess with the Intent to
Distribute a Controlled Substance
("Actual" Methamphetamine)).

1.  That from on or about sometime in 2009, the exact date being unknown to the Grand Jury, and continuing thereafter until July 31, 2015, in the Eastern District of Texas and elsewhere **McGee Lamar Falcon**, a/k/a "Gee," **Stefone Dwayne Palomo**, a/k/a "Wayne," **Christopher Villarreal III**, **Ricardo Ruben Villarreal**, **Cassie Jane Carroll**, **Demarcus Newman**, a/k/a "DJ," **Garrick Cotton**, a/k/a "G," and **Jermie Letroy Myers**, a/k/a "TJ," defendants, knowingly and intentionally conspired and agreed

with each other, and with persons known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute Schedule II controlled substance, namely, "actual" methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

## QUANTITY OF METHAMPHETAMINE INVOLVED IN THE CONSPIRACY

2. With respect to the defendants **McGee Lamar Falcon**, a/k/a "Gee" and **Christopher Villarreal III**, their conduct as members of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved fifty (50) grams or more of "actual" methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(b)(1)(A)(viii).

3. With respect to the defendants **Stefone Dwayne Palomo**, a/k/a "Wayne," **Ricardo Ruben Villarreal**, **Demarcus Newman**, a/k/a "DJ," and **Garrick Cotton**, a/k/a "G," their conduct as members of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved five (5) grams or more of "actual" methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(b)(1)(B)(viii).

4. With respect to the defendants **Cassie Jane Carroll** and **Jermie Letroy Myers**, a/k/a "TJ," their conduct as members of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved a quantity of "actual" methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(b)(1)(C).

All in violation of 21 U.S.C. § 846.

### Count Two
Violation: 21 U.S.C. § 846
(Conspiracy to Possess with the Intent to
Distribute a Controlled Substance
(Cocaine HCL)).

5. That from on or about sometime in 2009, the exact date being unknown to the Grand Jury, and continuing thereafter until July 31, 2015, in the Eastern District of Texas and elsewhere **McGee Lamar Falcon**, a/k/a "Gee," **Stefone Dwayne Palomo**, a/k/a "Wayne," **Christopher Villarreal III**, **Ricardo Ruben Villarreal**, **Leonard Martinez Ramirez**, and **Garrick Cotton**, a/k/a "G," defendants, knowingly and intentionally conspired and agreed with each other, and with persons known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute Schedule II controlled substance, namely, a mixture or substance containing a detectable amount of cocaine HCL, in violation of 21 U.S.C. § 841(a)(1).

### QUANTITY OF COCAINE HCL INVOLVED IN THE CONSPIRACY

6. With respect to the defendants **McGee Lamar Falcon**, a/k/a "Gee," **Christopher Villarreal III**, and **Leonard Martinez Ramirez**, their conduct as members of the narcotics conspiracy charged in Count Two, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count Two, involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine HCL, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(b)(1)(A)(ii)(II).

7. With respect to the defendants **Stefone Dwayne Palomo**, a/k/a "Wayne," **Ricardo Ruben Villarreal**, **Demarcus Newman**, a/k/a "DJ," **Garrick Cotton**, a/k/a "G," their conduct as members of the narcotics conspiracy charged in Count Two, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count Two, involved a quantity of a mixture or substance containing a detectable amount of cocaine HCL, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(b)(1)(C).

### Count Three

Violation: 21 U.S.C. § 846
(Conspiracy to Possess with the Intent to Distribute a Controlled Substance (Cocaine Base)).

8. That from on or about sometime in 2009, the exact date being unknown to the Grand Jury, and continuing thereafter until July 31, 2015, in the Eastern District of Texas and elsewhere, **McGee Lamar Falcon**, a/k/a "Gee," **Stefone Dwayne Palomo**, a/k/a "Wayne," **Damien Marques McLendon**, a/k/a "Slim," **Garrick Cotton**, a/k/a "G," defendants, knowingly and intentionally conspired and agreed with each other, and with persons known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute twenty eight (28) grams or more of a Schedule II controlled substance, namely, a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

All in violation of 21 U.S.C. § 846.

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
### Criminal Forfeiture Pursuant to 21 U.S.C. §§ 853 and 881

Upon conviction of the controlled substance offenses alleged in Counts One, Two and Three of this superseding indictment, **McGee Lamar Falcon**, a/k/a "Gee," **Stefone Dwayne Palomo**, a/k/a "Wayne," **Christopher Villarreal III, Ricardo Ruben Villarreal, Leonard Martinez Ramirez, Cassie Jane Carroll, Demarcus Newman**, a/k/a "DJ," **Garrick Cotton**, a/k/a "G," **Damien Marques McLendon**, a/k/a "Slim," and **Jermie Letroy Myers**, a/k/a "TJ," defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violation, including but not limited to the following:

### MONEY JUDGMENT

A sum of money equal to two hundred and fifty thousand dollars ($250,000) in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One, Two, and Three, conspiracy to distribute and to possess with the intent to distribute a controlled substance, for which the defendants are jointly and severally liable.

### REAL PROPERTY

115 CR 3069 located in Newton County, Texas, which is deeded in the name of McGee Lamar Falcon.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty.

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

By virtue of the commission of the felony offense charged in this superseding indictment by the defendants any and all interest the defendants have in the above-described properties is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853 and/or 881.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

_____          _____
BAYLOR WORTHAM                       Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | No. 1:15CR92 |
| v. § | Judge Marcia Crone |
| § | |
| MCGEE LAMAR FALCON, (1) aka "Gee" § | |
| LEONARD MARTINEZ RAMIREZ, (2) § | |
| CHRISTOPHER VILLARREAL, III (3) § | |
| STEFONE DWAYNE PALOMO, (4) § | |
| a/k/a "Wayne," § | |
| RICARDO RUBEN VILLARREAL, (5) § | |
| CASSIE JANE CARROLL, (6) § | |
| DEMARCUS NEWMAN, (7) a/k/a "DJ," § | |
| GARRICK COTTON, (8) a/k/a "G," § | |
| DAMIEN MARQUES MCLENDON, (9) § | |
| a/k/a "Slim," and § | |
| JERMIE LETROY MYERS, (10) aka "TJ" § | |

## NOTICE OF PENALTY

### Count One

Violation: 21 U.S.C. §§ 841(b) and 846

Penalty: ("Actual" Methamphetamine)
If 50 grams or more of "actual" methamphetamine - imprisonment of not less than 10 years, but not more than life, a fine not to exceed $10 million, or both - supervised release of at least 5 years, but not more than life;

If 5 grams or more, but less than 50 grams of "actual" methamphetamine - imprisonment of not less than 5 years, but not more than 40 years, a fine not to exceed $5 million, or both, and supervised release of at least 4 years, but not more than life;

If less than 5 grams of "actual" methamphetamine - not more than 20 years imprisonment, a fine not to exceed $1 million, or both, and supervised release of at least 3 years, but not more than life.

Special Assessment: $ 100.00

# Count Two

Violation:    21 U.S.C. §§ 841(b) and 846

Penalty:    (Cocaine Hydrochloride)
If 5 kilograms or more of cocaine - imprisonment of not less than 10 years, but not more than life, a fine not to exceed $10 million, or both - supervised release of at least 5 years, but not more than life;

If 500 grams or more, but less than 5 kilograms of cocaine - imprisonment of not less than 5 years, but not more than 40 years, a fine not to exceed $5 million, or both, and supervised release of at least 4 years, but not more than life;

If less than 500 grams of cocaine - not more than 20 years imprisonment, a fine not to exceed $1 million, or both, and supervised release of at least 3 years, but not more than life.

Special Assessment:    $ 100.00

# Count Three

Violation:    21 U.S.C. §§ 841(b) and 846

Penalty:    (Cocaine Base)
If 280 grams or more of cocaine base - imprisonment of not less than 10 years, but not more than life, a fine not to exceed $10 million, or both - supervised release of at least 5 years, but not more than life;

If 28 grams or more, but less than 280 grams of cocaine base - imprisonment of not less than 5 years, but not more than 40 years, a fine not to exceed $5 million, or both, and supervised release of at least 4 years, but not more than life;

If less than 28 grams of cocaine base - not more than 20 years imprisonment, a fine not to exceed $1 million, or both, and supervised release of at least 3 years, but not more than life.

Special Assessment:    $ 100.00